**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JANG WOO LEE,

               Petitioner,

   v.

LORETTA E. LYNCH, Attorney General,

               Respondent.

No.   15-72866

Agency No. A200-883-783

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Jang Woo Lee, a native and citizen of South Korea, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying a continuance. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

continuance and review de novo claims of due process violations. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in denying Lee's request for a third continuance, where the BIA sufficiently provided its reasons for affirming the IJ's analysis by citing *Matter of Sanchez Sosa*, 25 I. & N. Dec. 807, 812-13 (BIA 2012), and the IJ properly evaluated the factors outlined in that decision. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (the agency applies the correct legal standard where it expressly cites and applies relevant case law in rendering its decision); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the agency] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and quotation marks omitted)); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process claim, a petitioner must show error and prejudice).

We lack jurisdiction to consider Lee's unexhausted contentions regarding right to counsel and ineffective assistance of counsel. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (8 U.S.C. "§ 1252(d)(1) mandates exhaustion and

15-72866

therefore generally bars us, for lack of subject-matter jurisdiction, from reaching the merits of a legal claim not presented in administrative proceedings below.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**